UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN TAYLOR,

     Plaintiff,

vs.                            Case No.: 8:25-cv-02138-JLB-NHA

CAPITAL ONE NA, et al,

     Defendants.

_____/

## **ORDER**

Plaintiff John Taylor, proceeding without an attorney, moves for an entry of Clerk's default against Defendant Capital One NA. Doc. 25. I deny the motion without prejudice.

## **I.     Background**

Plaintiff initiated this suit as a *qui tam* action under the False Claims Act in August 2025, bringing several statutory and constitutional claims against Capital One and other defendants. Doc. 1. After the United States declined to intervene in the action (Doc. 10), the Court unsealed the docket and directed to Plaintiff to file an amended complaint that removed any claims brought on the United States' behalf within 30 days. Doc. 11. As no defendant had yet been served while the case remained under seal, the Court's unsealing order directed Plaintiff to serve all defendants named in the forthcoming

amended complaint in accordance with the Federal Rules of Civil Procedure. Doc. 11 p. 3. (Doc. 13),

Plaintiff filed an Amended Complaint (Doc. 13), but before obtaining summonses from the clerk or serving Defendants, Plaintiff moved for leave to amend his complaint again (Doc. 14). The Court granted Plaintiff's motion to amend, again ordering Plaintiff to "serve all Defendants in accordance with the Federal Rules." Doc. 16. Plaintiff filed the operative Second Amended Complaint on February 23, 2026 (Doc. 15). In the Second Amended Complaint, Plaintiff brings claims under the Fourteenth Amendment, the FDCPA, and other federal statutes against Capital One and against Defendants Citibank NA and Jefferson Capital Systems, LLC. Doc. 15.

The docket does not show that any summons was issued for any defendant. Nonetheless, Defendant Jefferson Systems appeared on April 1 and filed a motion to dismiss (Doc. 19), and Defendant Citibank appeared on April 7, moving for and receiving an extension of time to answer the Second Amended Complaint (Docs. 23, 24). Capital One has not appeared.[1]

On April 8, Plaintiff filed the instant motion, arguing that Capital One should be defaulted for failing to timely respond to the Second Amended

---

[1] On April 10, 2026, Capital One appeared for the limited purpose of filing a response in opposition to Plaintiff's motion for Clerk's default, in which Capital One argues that it was never properly served. *See* Doc. 28. The Court has considered Capital One's response.

Complaint. Doc. 25. Plaintiff's motion does not include an affidavit or formal return of service, but includes a "highlight of service details," which states that Capital One was served on March 13, 2026, when a "Mail Clerk" named Ricky Chandler at 1680 Capital One Drive, McLean, Virginia was given a copy of the Second Amended Complaint and an "Order." Doc. 25 p. 2. The motion asserts that Ricky Chandler "stated they are authorized to accept service for Capital One, N.A." *Id.* Plaintiff does not state who gave the complaint to Chandler, and the motion does not mention a summons.

## II.    Relevant Law

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Service of process requires that each defendant be served with a summons and a complaint. After a plaintiff submits proposed summonses to the clerk of court, "[a] summons – or a copy of a summons that is addressed to

multiple defendants – must be issued for each defendant to be served." FED. R. CIV. P. 4(b). Then, to serve each defendant, the plaintiff must cause the defendant to be served with a copy of: (1) the court-issued summons, and (2) the operative complaint. FED. R. CIV. P. 4(c)(1). But the plaintiff cannot complete service him or herself – the summons and complaint must be served on the defendant by an adult who is not a party to the lawsuit. FED. R. CIV. P. 4(c)(2).

Rule 4 for the Federal Rules of Civil Procedure also specified the permissible methods of service. When the defendant is a United States corporation, partnership, or unincorporated association, service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

Finally, once a defendant is served, "proof of service must be made to the court" by submitting "the server's affidavit." FED. R. CIV. P. 4(l)(1).

### III.   Analysis

Here, Plaintiff has not shown Capital One was served in accordance with the Federal Rules. As an initial matter, Plaintiff has not provided a server's affidavit swearing that service was made on Capital One, as required by Rule 4(l). Plaintiff's "highlight of the service details" not satisfy this requirement, as it is not an affidavit and does not specify the identity of the server. Plaintiff's

4

motion could be denied on this basis alone. But even if Plaintiff had provided an affidavit with the information contained in his motion, such an affidavit would not have shown that Capital One was properly served.

Importantly, the docket does not show that the Clerk ever issued a summons for Capital One, nor does Plaintiff claim to have served Capital One with a summons. But service of process on a defendant is not completed until the defendant is served with both the operative complaint and a summons. FED. R. CIV. P. 4(c)(1). And, because Plaintiff does not identify the process server, the Court cannot conclude that service was completed by an adult who is not a party to this lawsuit. *See* FED. R. CIV. P. 4(c)(2).

## IV.   Conclusion

In sum, Plaintiff has not provided formal proof of service on Capital One, nor has Plaintiff stated facts showing that Capital One was served in accordance with the Federal Rules. Each of these reasons is independently sufficient to deny Plaintiff's Motion (Doc. 25) without prejudice.

ORDERED in Tampa, Florida on April 10, 2026.

Natalie Hirt Adams
NATALIE HIRT ADAMS
United States Magistrate Judge